(No. 77-CV-0437—■■■■■■■■■■■)

*In re* APPLICATION OF MARY L. BURTON.

*Opinion filed September 22, 1983.*

DAVID H. GOLDENHERSH, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on July 20, 1975. Mary L. Burton, wife of the deceased victim, Luster Burton, Jr., seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, Luster Burton, Jr., age 26, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1977, ch. 70, par. 72(c)), to wit: arson (Ill. Rev. Stat. 1977, ch. 38, par. 20—1).

2. That on July 20, 1975, the victim's body was removed from his home at 2008 North 36th Street, East St. Louis, Illinois, after a fire explosion had totally destroyed the residence. The victim was pronounced dead at the scene. Police investigation was unable to determine the cause of the fire, although the East St. Louis Fire Department report indicates the fire was the result of arson.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and for her minor children, Marcus, age 4, Desmond, age 3, and Maurice, age 1.

4. That the Claimant incurred funeral and burial

expenses in the amount of $1,811.50 of which the Claimant has paid $1,811.50, all of which has been deemed reasonable and therefore compensable by the Court.

5. That the Claimant and her minor children were totally dependent upon the victim for support.

6. That prior to his death, the victim was employed as a security guard and his average monthly earnings were approximately $1,500.00.

7. That section 4 of the Act states ". . .loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less." Ill. Rev. Stat. 1977, ch. 70, par. 74.

8. That the victim was 26 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1978, Life Tables, volume II, his life expectancy would have been 71.6 years. The projected loss of support for 45.6 years is in excess of $10,000.00, which is the maximum amount compensable under section 7(e) of the Act. Ill. Rev. Stat. 1977, ch. 70, par. 77(e).

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five

thousand dollars) of life insurance paid or payable to the Claimant.

11. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $10,000.00 maximum allowed in section 7(e) of the Act.

13. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the alternative provisions of section 8 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 (ten thousand dollars) be and is hereby awarded to Mary L. Burton, wife of Luster Burton, Jr., an innocent victim of a violent crime, to be paid and disbursed to her as follows:

(a) $2,000.00 (two thousand dollars) to be paid to Mary L. Burton in a lump sum;

(b) Sixteen (16) equal monthly payments of $500.00 (five hundred dollars) each to be paid to Mary L. Burton for use and benefit of Marcus, Desmond and Maurice Burton;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.